

March 28, 2024

The Honorable Peggy Kuo, U.S.M.J.
United States District Court for the Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

Re: *Securities and Exchange Commission v. Schueler et al*, 1:23-cv-05749-CBA-PK

Dear Judge Kuo:

Defendant Richard Heart respectfully submits this letter to request a stay of discovery pending a ruling on his forthcoming motion to dismiss, for which the Court has already set a briefing and hearing schedule.[1]  The parties have met and conferred regarding the possibility of limited discovery while his motion is pending, but the SEC has declined to agree to any such limitations.  For the reasons set forth below, a complete stay of discovery is warranted.

"[U]pon a showing of good cause, 'a district court has considerable discretion to stay discovery pursuant to Rule 26(c).'"  *Palladino v. JPMorgan Chase & Co.*, 2024 WL 312522, at *1 (E.D.N.Y. Jan. 26, 2024) (quoting *Gross v. Madison Square Garden Ent. Corp.*, 2023 WL 6815052, at *1 (S.D.N.Y. Oct. 17, 2023)).  In evaluating whether good cause exists to grant a stay while a motion to dismiss is pending, courts in this district consider "(1) whether the [d]efendant[] has made a strong showing that the plaintiff's claim is unmeritorious; (2) the breadth of discovery and the burden of responding to it; and (3) the risk of unfair prejudice to the party opposing the stay."  *Palladino*, 2024 WL 312522, at *2 (citation omitted).  All of these factors favor a stay.

**I.      The motion to dismiss will raise substantial arguments for complete dismissal.**

"The 'strong showing that plaintiff's claim is unmeritorious' standard can also be described as a showing of 'substantial arguments for dismissal.'"  *Lawson v. Rubin*, 2018 WL 4211446, at *1 (E.D.N.Y. Mar. 7, 2018) (citation omitted).  The Court need not determine that Mr. Heart's motion will prevail.  Rather, a stay is justified if his "motion raises a substantial issue . . . that is not frivolous, raises doubts as to the viability of plaintiff's claims and is potentially dispositive of the entire action."  *Bethpage Water Dist. v. Northrop Grumman Corp.*, 2014 WL 6883529, at *2 (E.D.N.Y. Dec. 3, 2014); *Apuzza v. NYU Langone Long Island*, 2023 WL 4471956, at *2 (E.D.N.Y. July 11, 2023) ("[A] stay is warranted where a defendant's motion 'appears not to be unfounded in the law.'") (quoting *Gandler v. Nazarov*, 1994 WL 702004, at *4 (S.D.N.Y. Dec. 13, 1994)); *Port Dock & Stone Corp. v. Oldcaster Ne., Inc.*, 2006 WL 897996, at *2 (E.D.N.Y. Mar. 31, 2006) (granting stay pending motion that "raise[s] substantial issues" and "[does] not appear to be

---

[1] Mr. Heart's opening brief is due April 8, 2024.  Briefing will be complete on August 22, 2024, and oral argument will be held October 24, 2024.  *See* January 18, 2024 Order.  If it would aid the Court, counsel are available to present argument on this request at the April 11, 2024 preliminary hearing or at another time convenient for the Court.

frivolous or unfounded"). As explained in his Pre-Motion Letter (Dkt. 13) (attached as **Exhibit A**), Mr. Heart's motion will make clear that the Complaint must be dismissed.[2]

The motion to dismiss will "make a strong showing that personal jurisdiction may be lacking." *Vida Press v. Dotcom Liquidators, Ltd.*, 2022 WL 17128638, at *2 (E.D.N.Y. Nov. 22, 2022) (granting stay); *see also Ruilova v. 443 Lexington Ave, Inc.*, 2020 WL 8920699, at *1 (S.D.N.Y. Mar. 20, 2020) (granting stay pending "adjudication of the motion to dismiss . . . for lack of personal jurisdiction"). The Complaint does not contain "legally sufficient allegations of jurisdiction," *Troma Entm't, Inc. v. Centennial Pictures Inc.*, 729 F.3d 215, 217 (2d Cir. 2013), as it does not allege that Mr. Heart set foot in the United States or conducted business there, that he used U.S. payment networks, or that any alleged websites targeted persons in the United States. The allegations concern blockchain publishing software programs that are globally available, which do not plausibly establish that Mr. Heart "purposefully directed his activities at residents of the [United States]." *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472 (1985) (citation and internal quotes omitted); Pre-Motion Letter at 2. To the contrary, the Complaint alleges only that individuals chose to access software available on a global public blockchain network and to send cryptocurrencies using that network. That "unilateral activity" cannot form the basis for personal jurisdiction. *Id.* at 474 (citation omitted). Moreover, the Complaint does not plead domestic transactions subject to U.S. securities laws. *See Morrison v. Nat'l Austl. Bank Ltd.*, 561 U.S. 247, 267-68 (2010) (holding that U.S. securities laws apply only to "securities listed on domestic exchanges" or "domestic transactions in other securities"). Mr. Heart should not be subjected to the time and cost of discovery when substantial doubt exists as to whether the Court has jurisdiction over him and whether U.S. securities laws apply to these transactions at all.

Mr. Heart's motion will also set forth other compelling arguments for dismissal, including that the Complaint runs afoul of the First Amendment and that its fraud claim alleges no deceptive conduct. Pre-Motion Letter at 3. These "substantial arguments" for dismissal justify a stay. *See Lawson*, 2018 WL 4211446, at *1.

## II. Discovery will impose needless burden on the parties.

Discovery will impose significant and potentially wasteful burdens on the parties. This factor favors a stay where "the breadth of discovery and corresponding burden of responding would prejudice [defendant] if [his] motion to dismiss is indeed granted," as "any discovery . . . conducted in the interim would have been without purpose." *Mineo v. Town of Hempstead*, 2023 WL 7283784, at *2 (E.D.N.Y. Nov. 3, 2023); *see also Josie-Delerme v. Am. Gen. Fin. Corp.*, 2009 WL 497609, at *2 (E.D.N.Y. Feb. 26, 2009) (granting stay where "resolution of the motion to dismiss may obviate the need for potentially onerous discovery"). A stay is particularly appropriate in a "complex case," in which "[a]ll parties will necessarily incur substantial expenses if and/or when discovery is conducted." *Telesca v. Long Island Hous. P'ship, Inc.*, 2006 WL 1120636, at *2 (E.D.N.Y. Apr. 27, 2006).

This case is particularly complex, and discovery would be particularly burdensome to the parties and the Court, as the SEC chose to bring this enforcement action against Mr. Heart

---

[2] Courts in this District consider arguments presented in pre-motion letters in deciding motions to stay discovery. *See, e.g.*, *Separ v. Cnty. of Nassau*, 2021 WL 2474263, at *3 n.4 (E.D.N.Y. June 17, 2021). Should the Court require further information concerning his arguments, Mr. Heart respectfully requests that the Court defer its decision until it has reviewed his opening brief, which will be filed on April 8.

regarding three different software programs, with distinct histories, functionalities, and purportedly associated entities. *See* Compl. ¶¶ 12-14, 20, 29, 51, 67, 69. Their only common thread is having the same alleged founder: Mr. Heart. Discovery into all three would entail imposing on Mr. Heart and this Court the burden of sprawling cross-border discovery practice concerning nearly five years' worth of events. The SEC must establish jurisdiction over Mr. Heart through purposeful direction toward the United States, domestic transactions, and an investment contract, as to *each program*. If the SEC fails to do so for any of the three programs, claims regarding that program will be dismissed and related discovery becomes moot. Waiting to determine which (if any) survive the motion makes sense, because "[e]ven in the event that only some of the causes are dismissed . . . by staying discovery now it will serve to substantially reduce the economic burden of full party discovery." *Chesney v. Valley Stream Union Free School Dist. No. 24*, 236 F.R.D. 113, 116 (E.D.N.Y. 2006). And if all three are dismissed, costly and complex discovery would be avoided altogether, both preventing unnecessary burden on the parties and serving the interests of judicial economy by avoiding the burden to the Court of unnecessarily adjudicating complex discovery disputes.

## III.     Beginning discovery now risks prejudicing third parties.

The SEC puzzlingly named the three blockchain software programs as defendants. Pre-Motion Letter at 1 n.1. Party discovery should not begin while the existence of three out of four defendants is a disputed threshold legal question. Doing so would raise serious logistical and fairness concerns, because these "defendants" are open-source software programs executed by thousands of people. *See* https://www.pulsepetition.org (community petition stating that it has compiled "44,020 signatures" as of March 27, 2024, and that "HEX, Pulse, and PulseX are not legal entities in a traditional sense but cryptographic assets on a blockchain"). If they are adjudged to be entities capable of litigating, then the Court will need to determine how their interests should be protected and what roles their users may or must take in the litigation and discovery. Fairness demands that these questions be resolved before discovery commences.

## IV.     There is no risk of prejudice to the SEC.

Because this "action[] [is] in [its] infancy" and "[n]o discovery has taken place, . . . there is little prejudice to plaintiff[] in staying discovery." *Giminez v. L. Offs. of Hoffman & Hoffman*, 2012 WL 2861014, at *2 (E.D.N.Y. July 11, 2012). Moreover, the SEC used its investigative powers to assemble its Complaint.[3] It will not prejudice the SEC to refrain from further discovery until the Court determines whether that Complaint states a claim. Finally, given the likelihood that Mr. Heart and the transactions at issue are not subject to this Court's jurisdiction, any minimal prejudice to the SEC from delaying merits discovery is outweighed by the burden of compelling a party who may not be subject at all to this Court's jurisdiction to respond to merits discovery.

For the foregoing reasons, Mr. Heart respectfully requests that all discovery be stayed pending resolution of his motion to dismiss.

---

[3] The SEC has had the power to obtain evidence, including from overseas with the help of its Office of International Affairs, since well before it filed this action. *See* SEC Enforcement Manual at §§ 3.2.6, 3.3, 3.3.5, 3.3.6.2. The SEC likely issued numerous investigative subpoenas to do just that.

Very truly yours,

*/s/ Michael Liftik*

Michael Liftik

**QUINN EMANUEL URQUHART & SULLIVAN LLP**
Michael Liftik (*pro hac vice*)
Nicholas Inns (*pro hac vice*)
1300 I Street, NW, Suite 900
Washington, D.C. 20005
Telephone: (202) 538-8000
Facsimile: (202) 538-8100
michaelliftik@quinnemanuel.com
nicholasinns@quinnemanuel.com

Samuel P. Nitze
51 Madison Avenue, 22nd Floor
New York, NY 10010
Telephone: (212) 849-7000
Facsimile: (212) 849-7100
samuelnitze@quinnemanuel.com

Kristin Tahler (*pro hac vice*)
865 S. Figueroa St., 10th Floor
Los Angeles, CA 90017
Telephone: (213) 443-3000
Facsimile: (213) 443-3100
kristintahler@quinnemanuel.com

**GRAY REED & McGRAW LLP**
Chris Davis (*pro hac vice*)
Joshua Smeltzer (*pro hac vice*)
1601 Elm Street, Suite 4600
Dallas, Texas 75201
Telephone: (469) 320-6215
Facsimile: (469) 320-6926
cdavis@grayreed.com
jsmeltzer@grayreed.com

**CLARK SMITH VILLAZOR LLP**
Patrick J. Smith
Jeffrey D. Rotenberg
Brian T. Burns
250 West 55th Street, 30th Floor
New York, New York 10019
Telephone: (212) 582-4400
patrick.smith@csvllp.com
jeffrey.rotenberg@csvllp.com
brian.burns@csvllp.com

**KIRK & INGRAM, LLP**
David E. Kirk
43 West 43rd Street, Suite 279
New York, NY 10036
Telephone: (212) 859-3504
dkirk@kirkingram.com

Michael W. Ingram (*pro hac vice*)
100 Wilshire Blvd., Suite 700
Santa Monica, CA 90401
Telephone: (310) 487-0270
mingram@kirkingram.com

*Attorneys for Defendant Richard Heart*