# EXHIBIT A

  

January 9, 2024

The Honorable Carol Bagley Amon, U.S.D.J.
United States District Court for the Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

Re: *Securities and Exchange Commission v. Schueler et al*, 1:23-cv-05749-CBA-PK

Dear Judge Amon:

We represent Defendant Richard J. Schueler, who goes by Richard Heart, and submit this letter pursuant to Rule 3(A) of the Court's Individual Motion Practices and Rules to respectfully request a pre-motion conference and to provide a summary of the bases of Mr. Heart's anticipated motion to dismiss the Securities and Exchange Commission's Complaint (Dkt. 1).

Blockchains are the world's first and only immutable digital public ledgers, publishing messages, literature, art, commerce, computer code, and more. Richard Heart is an innovator in blockchain communications technology who has been interested in its ability to benefit society since he first learned about Bitcoin in 2011. The Complaint alleges that Mr. Heart developed three open source blockchain communications software programs: Hex, PulseChain, and PulseX. The Complaint alleges that Mr. Heart—and, somehow, the programs themselves—violated the federal securities laws by selling so-called "crypto asset securities" and purportedly misusing about three percent of the "offering proceeds" associated with one of the three software programs.[1]

This litigation is another front in the SEC's campaign to regulate blockchain technology and digital assets through enforcement instead of rulemaking or awaiting legislation. Its effort is particularly misguided in this case, where the Complaint attacks certain blockchain software programs running on a decentralized ecosystem of computers across the world. There is no business, corporation, enterprise, or foundation behind them. Rather, a global community of individuals have independently chosen to run these communications software programs using their own labor and computing power, bearing individually the risks and rewards of doing so. Mr. Heart, exercising his constitutional rights to free speech and association, has spoken in favor of these and other communications software programs. He has also extensively described their limitations, risks, and downsides, which the Complaint casts aside as it cherry-picks soundbites from hundreds of hours of Mr. Heart's wide-ranging public commentary. For the reasons set forth below and as will be detailed in Mr. Heart's anticipated motion, the Complaint is without merit and warrants dismissal with prejudice.

---

[1] Naming Hex, PulseChain, and PulseX as "alter ego" defendants is truly bizarre. Under the SEC's own definitions, they are a digital asset token and two software protocols. *See* Compl. ¶¶ 12-14. How *software programs* can be entities subject to suit defies logic and precedent. There is no factual basis in the Complaint for calling them Mr. Heart's alter egos, and the SEC's doing so is an affront to the vibrant community that runs them. The non-existence of these entities aside, the Complaint lacks merit against them, too.

**I.     The Complaint fails to establish personal jurisdiction and was not properly served.**

The Court should dismiss the Complaint under Rule 12(b)(2) because it fails to plead that Mr. Heart, who has not lived in or done business with the United States for well over a decade, has a "connection with the [United States] such that he should reasonably anticipate being haled into court there." *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297 (1980). It pleads no U.S.-based entities, employees, contracts, payment accounts, marketing efforts, or travel. The Complaint merely asserts that an unspecified number of U.S. residents engaged in transactions, and that Mr. Heart discussed the software on social media. Compl. ¶¶ 34, 40, 55, 67. That does not approach what is necessary—*i.e.*, "contacts that the 'defendant *himself*' create[d] with the forum," rather than "with persons who reside there." *Walden v. Fiore*, 571 U.S. 277, 284-85 (2014). *See, e.g.*, *Holsworth v. BProtocol Found.*, 2021 WL 706549, at *2 (S.D.N.Y. Feb. 22, 2021) (worldwide online communications insufficient). Nor are the websites at issue alleged to have conducted registrations, taken user information, processed payments, or "expressly aimed" themselves at the United States. *See Calder v. Jones*, 465 U.S. 783, 789 (1984); *Best Van Lines, Inc. v. Walker*, 490 F.3d 239, 253 (2d Cir. 2007). The Court should also dismiss the Complaint under Rule 12(b)(5), because dropping papers at a Finnish police station is not valid service.

**II.    The Complaint suffers from myriad pleading, constitutional, statutory, and regulatory deficiencies that mandate dismissal under Rule 12(b)(6).**

<u>First</u>, the Complaint fails because none of the transactions at issue are adequately alleged to have occurred in the United States, making the SEC's claims impermissibly extraterritorial. *See Morrison v. Nat'l Austl. Bank Ltd.*, 561 U.S. 247, 267-68 (2010). To establish the required domesticity, the SEC must allege details showing, with respect to each alleged wrongful transaction, that "title was transferred" or "irrevocable liability" was incurred "within the United States." *Absolute Activist Value Master Fund Ltd. v. Ficeto*, 677 F.3d 60, 68 (2d Cir. 2012). "A conclusory assertion that securities transactions 'took place in the United States'" will not suffice. *Banco Safra S.A.-Cayman Islands Branch v. Samarco Mineracao S.A.*, 849 F. App'x 289, 293 (2d Cir. 2021). Here, the Complaint does even less, alleging only that there were some "investors in the United States." Compl. ¶¶ 34, 50. That is not nearly enough, as "a purchaser's citizenship or residency does not affect where a transaction occurs." *City of Pontiac Policemen's & Firemen's Ret. Sys. v. UBS AG*, 752 F.3d 173, 181 (2d Cir. 2014) (citation omitted). The domestic "offer" allegations are similarly wanting. *See SEC v. Goldman Sachs*, 790 F. Supp. 2d 147, 164 (S.D.N.Y. 2011).

<u>Second</u>, the Complaint fails to allege facts that could support the conclusion that Hex, PulseChain, or PulseX are "investment contracts," and therefore subject to the federal securities laws. *See* 15 U.S.C. § 77b(a)(1); 15 U.S.C. § 78c(a)(10). The Complaint lacks a single allegation of *any* contract involving Mr. Heart—or anyone—let alone an investment contract. Without that, the Complaint does not plausibly allege the existence of any security. *See SEC v. Edwards*, 540 U.S. 389, 395 (2004); *Tcherepnin v. Knight*, 389 U.S. 332, 338-39 (1967). A host of other failures to plead an investment contract also warrant dismissal, as will be explained in Mr. Heart's motion.

<u>Third</u>, the Complaint fails to plead fraud with the particularity Rule 9(b) requires. There are no misstatements or omissions alleged, let alone any that are material. Nor is scienter sufficiently pleaded. Indeed, the Complaint identifies no "deceptive" statement or conduct at all.

*SEC v. Dorozhko*, 574 F.3d 42, 50 (2d Cir. 2009). It offers only a conclusory assertion that individuals had a "reasonable expectation" about how alleged PulseChain assets would be used—despite being explicitly promised nothing. Compl. ¶¶ 64-66. That does not plead deception, let alone support a "strong inference of fraudulent intent." *San Leandro Emergency Med. Grp. Profit Sharing Plan v. Philip Morris Cos., Inc.*, 75 F.3d 801, 814 (2d Cir. 1996). Seeing as PulseChain *was* developed and *did* launch, Compl. ¶ 60, the securities fraud claim boils down to the SEC's disagreement with how three percent of PulseChain's alleged assets were purportedly used, an issue falling squarely outside the federal securities laws. *See Santa Fe Indus., Inc. v. Green*, 430 U.S. 462, 478 (1977) (Section 10(b) claims do not cover self-dealing). To find otherwise "would convert any instance of corporate mismanagement into a Rule 10b-5 case." *Mut. Shares Corp. v. Genesco, Inc.*, 384 F.2d 540, 545 (2d Cir. 1967).

<u>Fourth</u>, the Court should dismiss the Complaint because the SEC runs afoul of the major questions doctrine by way of this action. Executive agencies have only the powers specifically granted to them by Congress. *NFIB v. OSHA*, 142 S. Ct. 661, 666 (2022) (per curiam). They cannot undertake a "transformative expansion" in authority without "clear congressional authorization." *West Virginia v. Env't Prot. Agency*, 142 S. Ct. 2587, 2610, 2614 (2022). Here and elsewhere, the SEC seeks to impose its will on the $2 trillion digital asset industry. But recent legislative proposals make clear that Congress has *not* delegated authority over digital assets to the SEC. To the contrary, the industry's regulation remains "the subject of an earnest and profound debate." *West Virginia*, 142 S. Ct. at 2614. Rather than follow the political process, or even engage in rulemaking, the SEC seeks to press forward with regulation by enforcement. The Court should halt that effort and dismiss the Complaint for exceeding the SEC's lawful authority, consistent with recent Supreme Court precedent. *See, e.g.*, *NFIB*, 142 S. Ct. at 666.

<u>Fifth</u>, the Court should dismiss the Complaint as it unconstitutionally infringes on the freedoms of speech and association guaranteed by the First Amendment for Mr. Heart and those who run the Hex, PulseChain, and PulseX software. The Complaint seeks to impose a content-based regulation of computer code, which constitutes protected speech. *See, e.g.*, *Universal City Studios, Inc. v. Corley*, 273 F.3d 429, 434 (2d Cir. 2001); *Junger v. Daley*, 209 F.3d 481, 482 (6th Cir. 2000). The SEC's effort to halt the expressive conduct and association of individuals who believe that "free speech is a protected human right and blockchains are speech," Compl. ¶ 66, runs afoul of the First Amendment, *See Boy Scouts of Am. v. Dale*, 530 U.S. 640, 648 (2000) (expressive association protected); *Texas v. Johnson*, 491 U.S. 397 (1989) (expressive conduct protected). The Complaint seeks to punish Mr. Heart for discussing open-source, peer-to-peer communications software. And because blockchains require trading tokens for space in their public ledgers, treating blockchains and their tokens as securities—which are banned from common trade and use as currencies—amounts to a *de facto* ban on the world's first and only public, immutable speech technology. Such a broad and harsh form of prior restraint impermissibly chills free speech.

\* \* \*

Mr. Heart intends to move to dismiss the Complaint for the foregoing reasons and potentially others. The parties have met and conferred and jointly request the following briefing schedule: Motion due April 8, 2024 (90 days after the date of this letter); SEC response due July 8, 2024; reply due August 22, 2024. Mr. Heart respectfully requests that the Court schedule a pre-motion conference and approve the proposed briefing schedule.

3

Very truly yours,

*/s/ Samuel P. Nitze*

Samuel P. Nitze

**QUINN EMANUEL URQUHART & SULLIVAN LLP**
Samuel P. Nitze
51 Madison Avenue, 22nd Floor
New York, NY 10010
Telephone: (212) 849-7000
Facsimile: (212) 849-7100
samuelnitze@quinnemanuel.com

Michael Liftik (*pro hac vice* forthcoming)
Nicholas Inns (*pro hac vice* forthcoming)
1300 I Street, NW, Suite 900
Washington, D.C. 20005
Telephone: (202) 538-8000
Facsimile: (202) 538-8100
michaelliftik@quinnemanuel.com
nicholasinns@quinnemanuel.com

Kristin Tahler (*pro hac vice* forthcoming)
865 S. Figueroa St., 10th Floor
Los Angeles, CA 90017
Telephone: (213) 443-3000
Facsimile: (213) 443-3100
kristintahler@quinnemanuel.com

**CLARK SMITH VILLAZOR LLP**
Patrick J. Smith
Jeffrey D. Rotenberg
Brian T. Burns
250 West 55th Street, 30th Floor
New York, New York 10019
Telephone: (212) 582-4400
patrick.smith@csvllp.com
jeffrey.rotenberg@csvllp.com
brian.burns@csvllp.com

**KIRK & INGRAM, LLP**
David E. Kirk
43 West 43rd Street, Suite 279
New York, NY 10036
Telephone: (212) 859-3504
dkirk@kirkingram.com

Michael W. Ingram *(pro hac vice* forthcoming*)*
100 Wilshire Blvd., Suite 700
Santa Monica, CA 90401
Telephone: (310) 487-0270
mingram@kirkingram.com

**GRAY REED & McGRAW LLP**
Chris Davis *(pro hac vice* forthcoming*)*
Joshua Smeltzer *(pro hac vice* forthcoming*)*
1601 Elm Street, Suite 4600
Dallas, Texas 75201
Telephone: (469) 320-6215
Facsimile: (469) 320-6926
cdavis@grayreed.com
jsmeltzer@grayreed.com

*Attorneys for Defendant Richard Heart*