1155 AVENUE OF THE AMERICAS, NEW YORK, NY 10036-2711                    **JENNER&BLOCK** LLP

Kayvan Sadeghi
Tel +1 212 891 1652
KSadeghi@jenner.com

INVESTOR CHOICE
ADVOCATES NETWORK

Nicolas Morgan
Tel +1 310 849 0384
Nicolas.Morgan@icanlaw.org

April 15, 2024

**VIA ECF**

The Honorable Carol Bagley Amon
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Re:    *SEC v. Schueler et al.*, No. 1:23-cv-5749

Dear Judge Amon:

  We write on behalf of PulseChain Foundation DAO (the "DAO") to respectfully request the Court's permission to file an amicus brief addressing the Defendant's Motion to Dismiss in the above-referenced action. A copy of the amicus brief is attached hereto as Exhibit A.[1]

  The Court has broad discretion in deciding whether to accept amicus briefs and may allow such briefs where the brief would help "insure a complete and plenary presentation of potentially difficult issues so that the court may reach a proper decision." *Automobile Club of N.Y., Inc. v. Port Auth. Of N.Y. and N.J.*, No. 11-cv-6746, 2011 WL 5865296, at *2 (S.D.N.Y. Nov. 22, 2011) (quotations and alterations omitted). Among other things, an amicus brief should be allowed when "the amicus has unique information or perspective that can help the court beyond the help that the lawyers for the parties are able to provide." *Citizens Against Casino Gambling in Erie Cnty. v. Kempthorne*, 471 F. Supp. 2d 295, 311 (W.D.N.Y. 2007) (internal quotations omitted).

  PulseChain Foundation DAO is a decentralized, unincorporated autonomous nonprofit association organized under the laws of the State of Wyoming to, among other things, accelerate the growth of the #PulseChain ecosystem. Although membership in the DAO is voluntary and open to any individual whose purpose or presumed intent is to contribute to the DAO and who is

---

[1] The Defendant has consented to the filing of this brief. The SEC takes no position to the filing of this brief and reserves its rights.

April 15, 2024
Page 2

willing to accept the responsibilities and terms of membership, none of the defendants in the above-captioned litigation controls or is a member of DAO.

The impact of the Court's decisions in this case will not be isolated to the named defendants alone; instead, the questions presented here will have far-reaching implications on the many individuals and organizations involved with Hex, PulseChain, and PulseX, including members of the DAO. Further, the Court's decisions in this case will impact many participants in the broader digital assets industry. Allowing the DAO to provide briefing on the relevant legal issues would ensure that the Court is provided with its members' unique and meaningful perspective, and that the Court will be presented with the views of third-party interests that may be affected by its decision in this case. Any alleged partiality or bias in defendants' favor is alone insufficient to "bar their participating as amici". *See SEC v. Ripple Labs, Inc., et al.*, No. 20 Civ. 10832, 2021 WL 4555352, at *6 (S.D.N.Y. Oct. 4, 2021) (holding that movants' partiality was not reason to prohibit them from participating as amici because courts have accepted an amicus is generally not impartial).

For the foregoing reasons, PulseChain Foundation DAO respectfully requests that this Court allow it to submit the attached amicus brief on the issues presented.

Respectfully submitted,

*/s/ Kayvan B. Sadeghi*                               */s/ Nicolas Morgan*

Kayvan B. Sadeghi                                     Nicolas Morgan
Jenner & Block, LLP                                   Investor Choice Advocates Network